**Ruben QUECARA-CASTILLO, AKA Ruben Quecara, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 15-72746

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 14, 2017

Omar Nakib, Attorney, Law Office of Stephen Coghlan, San Francisco, CA, for Petitioner

Siu P. Wong, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

*See* Fed. R. App. P. 34(a)(2).

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

## MEMORANDUM **

Ruben Quecara-Castillo, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Quecara-Castillo's motion to reopen based on lack of notice, where his hearing notice was mailed to the last address he provided. *See* 8 U.S.C. § 1229a(b)(5)(A), (b)(5)(C)(ii).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The agency also did not abuse its discretion in denying Quecara-Castillo's motion to reopen as untimely, where he filed the motion more than twelve years after his in absentia removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Because Quecara-Castillo fails to challenge the dispositive untimeliness determination, we do not reach the merits of his exceptional circumstances claim.

Quecara-Castillo's contention that the BIA erred in summarily affirming the IJ's decision is without merit. *See* 8 C.F.R. § 1003.1(e)(4)(i); *Tijani v. Holder*, 628 F.3d 1071, 1074 n.1 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**